### In re Charles J. MIELKE and Erika Mielke, Debtors.

### Bankruptcy No. 82–05551.

United States Bankruptcy Court, D. North Dakota.

May 8, 1984.

---

David L. Johnson, Fargo, N.D., for debtor.

Gary Cameron, trustee.

William Westphal, U.S. trustee.

John Brakke, Fargo, N.D., for Farmers and Merchants Bank of Valley City.

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

Pending before the Court in the above-entitled bankruptcy proceeding are various objections to the Debtors' claims of exemptions and confirmation of their Chapter 13 plan. A confirmation hearing was originally held before the Honorable Harold O. Bullis on November 10, 1982. The Farmers and Merchants Bank of Valley City objected to valuations made as the basis for the Debtors' liquidation analysis. As a result of the valuation dispute, the confirmation hearing was continued until July 18, 1983. The Bank and the Debtors each provided at the continued hearing on confirmation of the Chapter 13 plan, testimony to support their respective liquidation analysis. The matter was then taken under advisement by the Court. A recent status hearing was held before the undersigned on April 3, 1984.

The Debtors have proposed a plan which includes four classes of creditors. The classes consist of priority claims, secured claims, undersecured claims of $1,000.00 or less, and all other unsecured claims. The Debtors propose to fund the plan with payments of $275.00 a month for five years, and an additional semi-annual payment of $1,000.00 for five years. The unsecured claims exceeding the amount of $1,000.00 will receive monthly installments over a period of three years, amounting to a total of 10% of their claims. Unsecured claims of $1,000.00 or less shall be paid over a period of three years 100% of their claims in equal semi-annual installments. Finally,

the Trustee will pay to the Farmers and Merchants Bank over a period of five years 100% of their secured claim with interest at the contract rate in monthly installments.

Charles Mielke presently works for Concrete Dakota, Inc. of Valley City. Charles Mielke has worked for essentially the same concrete company for seven of the last nine years and now receives $239.65 a week in take home pay. Erika Mielke works for Sheyenne Care Center, Valley City. Mrs. Mielke receives $404.00 bi-weekly as take home pay. The Debtors' income is augmented by earnings from concession stands at winter shows and summer horse shows. The Debtors are not in default on any debts to secured claimants other than that of the Farmers and Merchants Bank of Valley City. The Debtors intend to keep current with their other secured obligations with payments from income not committed to funding of the Chapter 13 plan.

## CONCLUSIONS OF LAW

To obtain confirmation of a Chapter 13 plan, the Debtors must propose a plan which meets the requirements of 11 U.S.C. § 1325. The Bank in this matter has filed objections which question the present plan's ability to meet the requirements of section 1325(a)(3) and section 1325(a)(5). Section 1325(a)(3) of the Bankruptcy Code provides that a Chapter 13 plan must be proposed in good faith. In a prior proceeding, *In re Boucher*, Bankr. No. 83–05188 (Bkrtcy.D.N.D. August 3, 1983), this Court analyzed a plan which provided for payment to the Farmers Home Administration, the Debtors' major secured creditor, of its claim over a period of five years. The plan proposed in *Boucher* also treated a large portion of the Farmers Home Administration's claim as unsecured and provided for payment of 5% of that claim over a period of five years. The Court noted in *Boucher* that "[t]he purpose of [Chapter 13] is to give debtors an opportunity to make a good faith effort to repay their debts over a three-year period." The Court in *Boucher* determined that the plan had not been filed

in good faith and denied confirmation of the Chapter 13 plan.

In the present instance, the Chapter 13 plan pledges full payment of all claims, either through or outside administration of the plan, except those claims of the Farmers and Merchants Bank of Valley City. The creation of two classes of unsecured creditors can only be viewed as a means for isolating the unsecured claim of the Bank in order to provide specialized treatment of that claim. Further, the only secured creditor who will receive payments from the Trustee pursuant to the plan is the secured claim of the Farmers and Merchants Bank of Valley City. The Debtors in this instance are not making a good faith effort to repay their debts over a three year period. The proposed plan does not provide a fair and equitable treatment of all claims. Because the plan proposes inequitable treatment of the claims of the Farmers and Merchants Bank of Valley City, the plan fails to meet the requirement of 11 U.S.C. § 1325(a)(3). Since the present plan clearly does not meet the good faith requirements of section 1325(a)(3), the Court does not need to address the requirements of 11 U.S.C. § 1325(a)(5).

Accordingly, and for the reasons stated,

IT IS ORDERED:

Confirmation of the Chapter 13 plan filed by the Debtors in the above-entitled bankruptcy proceeding is DENIED.

The above-entitled bankruptcy proceeding is DISMISSED, effective ten days from entry of this Order.